UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Morgan SPANGLER, Arisa Spangler, E.S., and I.S.;<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO FAMILY HOUSING, LLC; LPC Pendelton Quantico PM LP, Lincoln Military Property Management LP; and Does 1 through 50,<br><br>Defendants. | Case No.: 3:20-cv-2287-W-AGS<br><br>**REPORT AND RECOMMENDATION TO REJECT MINORS' COMPROMISE (ECF 42)** |
|---|---|

Plaintiffs, including the Guardian Ad Litem for minors' E.S and I.S., seek an order approving a proposed settlement of the minors' claims. Because the settlement does not serve the minors' best interests, the Court recommends that the motion to approve the minors' settlement be denied.

## BACKGROUND

This suit arises from allegations that defendants, as landlords, failed to adequately address mold build-up in plaintiffs' military housing. (*See* ECF 1, at 29-31.) As a result, plaintiffs sued for various types of negligence, breach of warranty, fraud, constructive eviction, and premises liability, all arising under California law. (*See generally* ECF 1, at 25-58.) As a result of the failure to adequately clean the mold, plaintiffs claim they underwent allergy-like health reactions, with minor plaintiff I.S. suffering from "sneezing, runny nose, [and] stuffy nose" while E.S. suffered the same and "respiratory problems," "rash[es]," and "insomnia"/"low energy levels." (*Id.* at 15-16.)

The parties reached a settlement agreement. (*See* ECF 42.) The proposed gross settlement amount is $100,000. (*Id.* at 2.) Of that, each minor will only receive $500. (*Id.*) Counsel has waived any fees against the minors' recovery. (*Id.*) Morgan and Arisa Spangler, the other plaintiffs and the minors' parents, will receive the remainder. (*Id.*) The parties propose to deposit E.S. and I.S.'s recovery into an "interest-bearing, federally

insured block account" "until the minor reaches 18 years of age." (ECF 44, at 2) In support of the proposed recovery distribution, plaintiffs argue that Morgan and Arisa suffered greater symptoms than did the minors, making the split a fair one. (*Id.*; *see also* ECF 42, at 2 ("[T]hese symptoms were mainly experienced by the minor Plaintiffs' parents – Morgan and Arisa.").)

## DISCUSSION

District courts have "a special duty" to "safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the settlement context, that duty requires the court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (citations omitted). The Court is required to limit the scope of its review to "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minors' specific claim, and recovery in similar cases." *Id.* at 1182. "Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.*

This Court's Local Rules also contemplate the use of the California procedures to approve minors' compromises. *See* CivLR 17.1(b)(1) ("Money or property recovered by a minor or incompetent California resident by settlement or judgment must be paid and disbursed in accordance with California Probate Code Section 3600, et seq."). Relevant to this settlement, those sections authorize the court, if it is in the best interests of the child, to order the settlement funds to be deposited "in an insured account in a financial institution in this state . . . subject to withdrawal only upon the authorization of the court." Cal. Prob. Code 3611(b) & (e).

The undersigned is familiar with the facts of this case: this Court held a motion hearing affecting this and several related cases and participated in a global settlement conference with that same group. (*See, e.g.*, ECF 36 & 37 (global settlement conference)); *Lopez v. San Diego Family Housing,* LLC, 20-cv-1915-JAH-AGS, at ECF 41 (motion

hearing). At first blush plaintiffs appear to have a good case, although litigation is always uncertain. There is some additional risk in this case, as it was subject to a motion to dismiss based on jurisdictional grounds that may have foreclosed plaintiffs' suit entirely. (*See* ECF 22.) Plaintiffs also faced several costly medical battles to prove causation and damages, not to mention the potential delay caused by additional years of litigation. These facts weigh in favor of the settlement being fair and may support a smaller recovery for the minors.

Similarly, the proposed attorney-fee distribution—that is, plaintiffs' attorneys waiving all collection from the minors—weighs in favor of approving the request. *See Napier v. San Diego Cty.*, No. 315CV00581CABKSC, 2017 WL 5759803, at *3 (S.D. Cal. Nov. 28, 2017) ("In California, courts are required to approve the attorneys' fees to be paid for representation of a minor."). Finally, the procedure for disposition of the funds—placing them in a blocked account until the minors reach the age of majority—is consistent with the California Probate Code. *See* Cal. Prob. Code 3611(b); (ECF 44, at 2).

But the proposed distribution is concerning. The parents are receiving an overwhelming proportion of the settlement amount, 99% before attorneys' fees, while each minor receives only 0.5%. Although the parents apparently bore the greater share of damages by way of exposure symptoms, that differential is worryingly high.

The Court's fairness concerns are supported by other approved settlements in similar cases. In another case settled against most of the same defendants arising out of very similar mold allegations, the Court approved a net recovery of "$1,277.04" for a minor out of a gross recovery of "$69,000." *Doe v. Lincoln Mil. Prop. Mgmt. LP*, No. 320CV00224GPCAHG, 2020 WL 5587488, at *10 (S.D. Cal. Sept. 18, 2020), *adopted*, No. 3:20-cv-00224-GPC-AHG, 2020 WL 5810168 (S.D. Cal. Sept. 30, 2020). That recovery was for a minor who, like the minors here, suffered "wet coughs, eye infections, sinus infections, lethargy, and shortness of breath." *See id.* at *1. That minor recovered over 150% more than the minors here, which in that case amounted to nearly 2% of the total settlement. And in another mold-intrusion case, the Court approved the net settlement

of a minor's claim for "$2,206.72" out of a gross recovery $75,000. *Smith v. AMETEK, Inc.*, No. 3:20-CV-2359-TWR-BLM, 2021 WL 4077580, at *1 (S.D. Cal. Sept. 8, 2021), *adopted sub nom. Smith v. Camp Pendleton & Quantico Hous., LLC*, No. 20-CV-2359 TWR (AGS), 2021 WL 4805532 (S.D. Cal. Oct. 14, 2021). That minor also, just like E.S. and I.S. here, suffered from "wheezing, coughing, and allergic reactions." *Id.* That minor nevertheless recovered around 340% more than the minors here, and just shy of 3% of the total settlement value. *See id.* If those cases are distinguishable, it is not apparent on the record presently before this Court. Thus, there does not appear to be any reason to justify such a significant departure from recoveries of other minors in similar cases.

## CONCLUSION

The settlement here is not in the best interests of the children and is out of line with settlements in similar cases. The distribution method, however, is appropriate. Accordingly, the Court recommends that the motion to approve the settlements and confirm the minors' compromise be **DENIED**.

Any objections to this report and recommendation are due by April 28, 2022. *See* 28 U.S.C. 636(b)(1). A party may respond to any such objection within 14 days of being served with it. *See* Fed. R. Civ. P. 72(b)(2).

Dated:  April 14, 2022

Hon. Andrew G. Schopler
United States Magistrate Judge